Care, J.
delivered the opinion of the court, That the case made by the bill was not within the jurisdiction of a court of equity.
A good deal is said in the bill, about the deed of 1802, the deed of 1804, the deed of 1808 and of 1816—but these make no' part of the case on which relief is asked; nothing is charged with respect to them, or put in issue. If the bill had charged what has been advanced in the argument here, that the execution of the deed of 1808 was procured by Taliaferro from his sister Mrs. Alexander, by fraud, deception, or imposition, that would have given jurisdiction; but, as the case stands, that deed evidences a sale by her of a reversion, for a valuable consideration, with warranty. The bill should have stated such facts, in such a way, as would give the court jurisdiction. But the case on which the plaintiff asks relief is, in substance, this: that he became the purchaser of a parcel of slaves from the defendant, the title of which afterwards failed, and that the defendant is liable on his warranty of title, to make good to the plaintiff the damages he has sustained. Prima facie, this is surely a case for a court of law. The bill alleges, that the defendant gave him a deed or bill of sale of the slaves with warranty; but it does not allege, that this deed is lost or destroyed. It alleges, indeed, that it was confided to John Taliaferro, who promised to have it recorded; that it was not recorded or deposited in the clerk’s office; and, *63 if it was not in John Taliaferro’s possession, the plaintiff did not know where it was to be found : but John Taliaferro was not made a party; no inquiry was made of him; no step taken to ascertain the loss, or to set up the instrument, if lost. And no affidavit that the instrument was lost, accompanied the bill; which is indispensible, where'a party comes into equity to set up a lost deed. In the case of the East India Company v. Boddam, 9 Ves. 465. lord Eldon says, the course upon a lost bond, was to file the bill stating the loss, and “ accompanying it with an affidavit, that it was lost, not as evidence of the loss, but as a security for the propriety of jurisdictionand it is laid down in all the books which treat on the subject, that the want of this affidavit is cause of demurrer. This bill then makes no case for a court of equity.
But if it did, the case is not supported. The bill states, that the defendant gave a deed with general warranty. The defendant answering this charge directly, “ denies that he ever made the conveyance for slaves to the plaintiff, in the manner stated in the bill; the conveyance was for the claim of this defendant to the reversion, without warranty.” And this assertion derives aid from the depositions of John Taliaferro and Grigsby: but it needs no such aid, being a direct and positive denial of the statement in the bill. We must take it, then, that this was a sale of the defendant’s claim merely, and a deed conveying that without warranty. It was said, that every sale implied a warranty of title; and this is true, where it rests simply on the sale; but where there is a sale of a party’s interest merely, and the deed is given without warranty, will not that rebut the implication ? At any rate, when the warranty is contended to be implied by the sale only, there can bo no propriety in coming into equity to set up a deed which contains no warranty: the resort should clearly have been to a court of law.
Decree reversed with costs, and bill dimissed.